**The STATE of Ohio, Appellee,**

v.

**WILLIAMS, Appellant.**

[Cite as *State v. Williams* (1997), 123 Ohio App.3d 233.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–97–1093.

Decided Sept. 19, 1997.

Craig T. Pearson and Mary Sue Barone, Lucas County Assistant Prosecuting Attorneys, for appellee.

Fritz Byers, Robert Z. Kaplan and Richard S. Walinski, for appellant.

GWIN, Presiding Judge.

Samuel Z. Kaplan appeals a judgment of the Court of Common Pleas of Lucas County, Ohio, summarily finding him in direct contempt of court, and sentencing him to a fine of $100. Appellant assigns three errors to the trial court:

"The trial court erred by finding Kaplan in direct contempt when the circumstances did not present any immediate threat to the integrity of the judicial process that required speed in the vindication of the court's powers.

"The trial court erred by finding Kaplan in direct contempt when the facts relevant to Kaplan's conduct were not known to the court.

"The trial court erred by finding Kaplan in direct contempt when the 'order' that Kaplan declined to obey threatened Williams' constitutional right in ways unknown to, and not inquired into by, the court."

The trial court filed an opinion and judgment entry on February 28, 1997. In that document, the court noted that appellant was appointed by the court to

represent one Samuel Williams, a codefendant in a burglary case. Williams had originally been arraigned on July 26, 1996, and another attorney was appointed as counsel. The matter was set for trial on August 28, 1996, but was continued until October 7, 1996. Thereafter, on October 7, the court granted the first attorney's motion to withdraw as counsel, appointed appellant to serve in his place, and continued the trial until December 9, 1996. Eventually the matter was called for trial on January 6, 1996.

On January 6, 1996, the jury venire, the witnesses, the codefendant, and his counsel had all assembled for trial. However, before the jury was selected, the trial court discussed with the parties a letter the court received from Williams expressing his dissatisfaction with appellant and requesting that a new attorney be appointed. The court conducted a short inquiry, and both appellant and Williams explained the breakdown in the relationship between counsel and his client.

In response to the court's question whether appellant was prepared to go to trial immediately if he were not permitted to withdraw, appellant represented to the court that he was prepared in the sense he was familiar with the facts and circumstances, understood the evidence, and would be able to cross-examine witnesses. Appellant acknowledged that his client did not believe counsel's performance would be effective, and appellant expressed an unwillingness to proceed on Williams's behalf when Williams believed it was contrary to his best interest to do so. Appellant stated, "It would be extremely unwise for me to attempt to proceed to trial on his [Williams's] behalf when no doubt I would not be able to effectively represent him or to proceed in his best interest which I believe he is entitled to."

Nevertheless, the court directed appellant to proceed to trial. When appellant declined to proceed, the court found him in contempt.

■ Appellant cites *In re Sherlock* (1987), 37 Ohio App.3d 204, 525 N.E.2d 512. In *Sherlock*, the Court of Appeals for Montgomery County held, "[D]efense counsel should not be required to violate his duty to his client as the price of avoiding punishment for contempt." *Id.* at 204, 525 N.E.2d at 513. In *Sherlock*, counsel represented to the court that she was unprepared to proceed in her client's criminal trial. She represented that she had simply had insufficient time to adequately prepare. The court engaged in a lengthy discussion with counsel, culminating in counsel's informing the court that she wished to assert her client's right to effective assistance of counsel, and informing the court that she was unable to provide effective assistance of counsel if she participated in the trial that day. The court found her in contempt. On appeal, the court of appeals found that Sherlock was required by the Code of Professional Responsibility and the Disciplinary Rules to provide her client with his constitutional right to

effective assistance of counsel. The court of appeals found that a court may commit error under the circumstances of a particular case when it requires defense counsel to choose between punishment for contempt and his client's constitutional rights.

We contrast the case at bar with *In re Sherlock* in that *Sherlock* involved an extensive discussion with the court regarding the circumstances that resulted in counsel's inability to prepare adequately for trial. Here, the record reflects that Williams addressed the court briefly regarding the breakdown in communication between himself and his attorney, and expressed in general terms his dissatisfaction with various aspects of the case, including discovery.

We find that where defense counsel places the trial court on notice that continued representation places counsel in an ethical dilemma, and counsel raises issues of his client's constitutional rights, the court must conduct a careful and in-depth review into all the facts and circumstances. We do not find particularly troubling appellant's representation that his client might perceive him as ineffective because, as a practical matter, the criminal client will always be outcome-oriented. A convicted client seldom expresses satisfaction with his counsel's performance. It is the reviewing court that passes on the effectiveness of counsel in a given case. Nevertheless, appellant expressed his own belief that his relationship with the appellant had irretrievably broken down.

We find that the trial court should have conducted an evidentiary hearing to determine the exact circumstances, rather than summarily finding appellant in contempt of court.

Each of the assignments of error are sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Lucas County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.

*Judgment accordingly.*

FARMER, J., concurs.

WILLIAM B. HOFFMAN, J., dissents.

W. SCOTT GWIN, P.J., WILLIAM B. HOFFMAN and SHEILA G. FARMER, JJ., of the Fifth Appellate District, sitting by assignment.

WILLIAM B. HOFFMAN, Judge, dissenting.

I respectfully dissent.

This case is significantly factually distinguishable from *In re Sherlock* (1987), 37 Ohio App.3d 204, 525 N.E.2d 512. In *Sherlock,* counsel represented that she was unprepared for trial and, therefore, her representation would be ineffective. In sharp contrast, appellant herein indicated that he was prepared for trial but would not be able to effectively represent the defendant because of the defendant's dissatisfaction with him. The defendant's mere dissatisfaction with his appointed counsel is insufficient to require appointment of new counsel. If appellant was correct in his assessment, the issue could be addressed on appeal (if the defendant were convicted) or through postconviction relief proceedings.

Unlike the majority, I find the explanation offered by appellant insufficient to demonstrate a legitimate concern over his ability to render effective assistance of counsel so as to warrant any further evidentiary hearing.

I further conclude that appellant's refusal to proceed was direct contempt under R.C. 2705.01 because it obstructed the administration of justice by delaying a pending case. *State v. Treon* (App.1963), 91 Ohio Law Abs. 229, 188 N.E.2d 308. Accordingly, I would overrule appellant's sole assignment of error and affirm the trial court's finding of contempt.